IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNEDIE PICKRON,           § | |
|       Plaintiff,           § | |
| § | |
| v.           § | No. 3:20-cv-629-N (BT) |
| § | |
| INSURANCE RESOURCE GROUP,           § | |
|       Defendant.           § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Kennedie Pickron's *pro se* complaint. For the following reasons, the Court should dismiss the complaint under Federal Rule of Civil Procedure 41(b).

I.

Pickron filed a complaint on March 12, 2020. Four days later, the Court sent Pickron a notice of deficiency and order (ECF No. 7) informing her that the complaint, which states in full "Sex (including pregnancy, sexual orientation, and gender identity)", failed to comply with the pleading standards required by Federal Rule of Civil Procedure 8(a). Rule 8(a) provides:

> Claim for Relief.  A pleading that states a claim for relief must contain:
>
> (1)  a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

1

>   (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The Court's order informed Pickron that failure to cure the deficiency within 30 days could result in a recommendation that her case be dismissed. More than 30 days have passed, and Pickron has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Pickron has failed to respond to the Court's notice of deficiency and order. This litigation cannot proceed until she files a complaint that complies with Rule 8(a). Accordingly, the complaint should be dismissed under Federal Rule of Civil Procedure 41(b).

## III.

The Court should dismiss Pickron's complaint without prejudice under Federal Rule of Civil Procedure 41(b).

Signed July 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3